UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REINHARD BRANDNER and CLAUDIA BRANDNER, | ) ) ) Case No. 14-cv-3662 |
| Plaintiffs, | ) ) |
| v. | ) Judge John W. Darrah ) |
| ANDREW A. VOGEL, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Reinhard Brandner and Claudia Brandner, filed a Complaint against Defendant, Andrew A. Vogel, for breach of contract. Plaintiffs allege that Defendant breached a written loan agreement. On November 10, 2015, Plaintiffs filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Plaintiffs' Motion for Summary Judgment [29] is denied.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper

denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F.Supp.2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The following facts are taken from the Complaint and the Plaintiffs' statement of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiffs reside in Palm Beach, Florida. Defendant resides in Lake Forest, Illinois. (Dkt. 31 ¶ 3.) Plaintiffs agreed to loan Defendant $100,000.00. (Dkt. 31 ¶ 6.) On September 17, 2012, Plaintiffs and Defendant entered into a "letter agreement" ("Agreement") prepared by Defendant's attorney. (Dkt. 30.) The Agreement sets out the terms of the loan as follows:

> 1) You, Reinhard and Claudia Brandner have offered a personal loan to Andrew Vogel in the amount of $100,000.
>
> 2) This loan will be evidenced by a promissory note with an adjustable interest rate based on the published "Prime" lending rate. This rate is currently 3.25%. The rate will be adjusted quarterly based on the then-current Prime rate.
>
> 3) Interest payments will be made quarterly via automatic withdrawal.
>
> 4) This loan will be secured by creation of a "second mortgage" utilizing Andrew's home as collateral for said loan. The mortgage will be recorded against the home within 120 days following the close of the new primary mortgage on the property. I will create a binding promissory note and mortgage reflecting these terms that will properly document this agreement.
>
> 5) The current Wellesley House, Ltd. business term loan will be encapsulated by, and thereby retired in the process of the refinance of the primary mortgage on Andrew's home of the property. No further Wellesley House business term loan

or line of credit shall exist or be created during the term of the Brandner/Vogel loan agreement.

6) The new primary mortgage on Andrew's home will not exceed $360,000.

7) It is generally believed that market and lending conditions will improve in the coming few years. It is Andrew's intent to pay off and retire the Brandner/Vogel loan agreement through an equity line of credit or other suitable modality available in the marketplace within the course of 36 months.

8) This agreement will be binding on the parties.

(Dkt. 1 Exh. A.) The Agreement was executed by both parties and signed by Defendant's attorney. On or about September 19, 2012, Defendant received a wire transfer of $100,000.00 from Plaintiffs. (Dkt. 31 ¶ 8.) Since that date, Plaintiffs made repeated attempts to call and communicate with Defendant. Defendant has not returned any phone calls or any other attempts made by Plaintiffs to communicate with him. (Dkt. 31 ¶ 9.) Defendant made no payments to Plaintiffs, did not pay any interest to Plaintiffs, did not create a "second mortgage" on his home, and did not create a promissory note. (Dkt. 34.)

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The moving party is responsible for informing the court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there is still a genuine issue of material fact.

*Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson*, 477 U.S. at 252.

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## ANALYSIS

"Under Illinois law, a breach of contract claim has four elements: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Hess v. Bresney*, 784 F.3d 1154, 1158-59 (7th Cir. 2015). The focus of this inquiry is to give effect to the parties' intentions. *Id.* Defendant only disputes the third element, arguing that there is a genuine issue of material fact as to whether he is in breach of contract because: (1) the Agreement specifies that the second mortgage on Defendant's home must be obtained within 120 days following the close of the new primary mortgage, but does not give a specific date by which the primary mortgage must be

4

closed; (2) the Agreement does not specify when Defendant must create a promissory note and mortgage; (3) the Agreement does not specify any date on which Defendant must begin making interest payments; and (4) the Agreement states that it is Defendant's "intent" to pay off the loan within 36 months, but does not state a specific time by which he must do so. (Dkt. 36.) Plaintiffs disagree with Defendant's interpretation of the Agreement, arguing that Defendant was required to provide Plaintiffs with a promissory note, pay interest in quarterly installments, secure the loan through a second mortgage on his home, and pay off the loan within 36 months.

"[W]hen a contract contains ambiguities that the parties must explain through extrinsic evidence, the trier of fact, not this court, must resolve the conflicting interpretations of the agreement." *Zemco Mfg., Inc. v. Navistar Int'l Transp. Corp.*, 270 F.3d 1117, 1127 (7th Cir. 2001). "In Illinois, '[a]n instrument is ambiguous only if the language used is reasonably or fairly susceptible to having more than one meaning. . . .'" *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998) (quoting *Flora Bank & Trust v. Czyzewski*, 583 N.E.2d 720, 725 (Ill. App. Ct. 1991)). Looking at the Agreement in the light most favorable to Defendant, there is a genuine issue of material fact as to the exact terms of the contract. As the Agreement is ambiguous, the trier of fact must resolve the conflicting interpretations.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Summary Judgment [29] is denied.

Date: March 22, 2016

JOHN W. DARRAH
United States District Court Judge